1  H.F. Layton (SBN 154465)
   James Martinez (SBN 235800)
2  **H. F. LAYTON LAW OFFICE**
   8660-B Brentwood Blvd.
3  Brentwood, CA 94513
   Telephone: (925) 240-1040
4  Facsimile: (925) 240-1878

5  Attorneys for Plaintiff
   RAMON CASTILLO

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RAMON CASTILLO, | Case Number |
| Plaintiff, | |
| vs. | COMPLAINT, DEMAND FOR JURY TRIAL, AND CERTIFICATION OF INTERESTED PARTIES OR PERSONS |
| CITY OF RICHMOND, a Municipal Corporation; VIRGIL THOMAS, individually and as an Officer of the Richmond Police Department; TERRY HUDSON, individually and as Chief of Police of the Richmond Police Department; and DOES 1-100, inclusive, | (Deprivation of Rights Under Color of State Law) |
| | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

ORIGINAL

Plaintiff alleges:

## PRELIMINARY STATEMENT

1. This is a civil action commenced by RAMON CASTILLO, as the Plaintiff, through his attorney H. F. LAYTON LAW OFFICE, for damages and other appropriate relief, under Title 42 U.S.C. Section 1983, alleging excessive use of force and denial of emergency medical care in violation of the Fourth, Eighth and Fourteenth Amendments to the United States Constitution as more specifically described hereinafter. (Accord: Graham v. Connor, (1989) 490 U.S. 386, 109 S.Ct 1865: White v. Roper, (9th Cir. 1990) 901 F2d. 1501, 1507; and Estelle v. Gamble, (1976) 429 U.S. 97, 104, 79 S.Ct. 285)

2. The Plaintiff also alleges, under the Court's pendent jurisdiction, various torts under California State law for Assault and Battery False Arrest and/or False Imprisonment Failure to Summon or Obtain (Emergency) Medical Care or Assistance and for Intentional Infliction of Emotional Distress.

## JURISDICTION

3. This Court has jurisdiction over Plaintiff's claims for violation of his federal constitutional rights under Title 42 U.S.C. §§1331 (a) and 1343.

4. This Court has supplemental (pendent) jurisdiction over the Plaintiff's state law tort claims pursuant to Title 28 U.S.C. §1367.

## INTRADISTRICT ASSIGNMENT

5. A substantial part of the events or omissions which give rise to the claim occurred in Contra Costa County and therefore this action is properly assigned to the San Francisco Division or the Oakland Division.

## PARTIES

6. The Plaintiff, Ramon Castillo, is and was at all times set forth hereinafter, an individual person and who resides in the State of California, entitled to all the rights, privileges, and/or protections, guaranteed to him by way of the United States Constitution.

7. The defendant, CITY OF RICHMOND, is and was at all times set forth hereinafter, a municipal corporation organized under the laws of the State of California.

8. Plaintiff is informed and believes, and on that basis alleges, that defendant CITY OF RICHMOND, is and was at all material and relevant times set forth hereinafter, a local public entity responsible for the creation, operations, and fiscal maintenance, of the Richmond City Police Department, including but limited to the customs, policies, and operational plans or procedures, governing and regarding official "use of force" by employees and officers of the Richmond Police Department.

9. Defendant, CITY OF RICHMOND, is sued in both its individual and official capacity. Plaintiff alleges that the CITY OF RICHMOND is derivatively liable for the excessive use of force and false arrest and imprisonment having been suffered by the Plaintiff as more particularly alleged hereinafter. (See: Martinez vs. City of Los Angeles, (9th Cir. 1998) 141 F3d. 1371).

10. The defendant, TERRY HUDSON, was at all material and relevant times set forth hereinafter, an individual person, and/or an Acting Chief of Police, for the Richmond City Police Department located in Richmond, California.

11. Plaintiff is informed and believes, and on that basis alleges, that in both his individual and official capacity, defendant TERRY HUDSON, was at the times set forth hereinafter, duly responsible for the overall supervision, training, and/or discipline of police officers employed by the CITY OF RICHMOND'S, Richmond Police Department, including but not limited to implementing and enforcing that departments customs, policies, and operational plans or procedures, governing and regulating official use of force by employees and officers of the Richmond Police Department.

12. Plaintiff is further informed and believes, and on that basis alleges, that defendant TERRY HUDSON, was at all material and relevant times set forth hereinafter, responsible for the direct training, supervision, and/or discipline, of police

officers employed by the Richmond Police Department regarding their lawful use of force and prohibited excessive use of force.

13. Defendant TERRY HUDSON, is sued in both his individual and official capacity.

14. The defendant, VIRGIL THOMAS, is and was at all times set forth hereinafter, an individual person, employed by the CITY OF RICHMOND, and the Richmond Police Department as a police officer. This defendant is sued in his individual capacity.

15. Defendants VIRGIL THOMAS, TERRY HUDSON, and DOES Numbers 1 through 20, inclusive, were at all times material to this Complaint, duly sworn police officers and/or representatives of the Richmond Police Department, who acted toward or against, Plaintiff under color of law, statues, ordinances, unwritten customs or practices, of the CITY OF RICHMOND and/or the Richmond Police Department.

16. Defendants DOES Numbers 21 through 100, inclusive, and others not presently known to the Plaintiff, were at all times material to this Complaint, individual citizens who acted in concert with the defendants who were, and/or are, duly sworn police officers and/or representative supervisors of the CITY OF RICHMOND and/or Richmond Police Department, while violating Plaintiff's civil rights under color of law, statutes, ordinances, customs, and/or usages of authority of the City of Richmond, and/the Richmond Police Department.

17. Defendants DOES Numbers 1 through 100, inclusive, are sued in their individual capacity as well as their official capacity to the extent that such official capacity may be appropriate.

18. Inasmuch as Plaintiff is currently ignorant as to the true names, identities, and/or capacities, of Defendants DOES Numbers 1 through 100, inclusive, Plaintiff sues each of them separately and individually by fictitious names until their true and correct identities become known to this Plaintiff at which time Plaintiff will Amend this Complaint to fully set forth their true and correct names, capacities, and the factual

1 | circumstances related to their respective liability.

## PLAINTIFF'S CAUSES OF ACTION AGAINST DEFENDANTS

## PLAINTIFF'S FIRST CAUSE OF ACTION

19. As a separate and complete First Cause of Action as against the defendants CITY OF RICHMOND, VIRGIL THOMAS, TERRY HUDSON, and DOES Numbers 1 through 100, inclusive, for violating Plaintiff's Fourth, Fifth, Eighth and Fourteenth Amendment rights, under the U.S. Constitution, to be free from the seizure of his person by way of the defendants having used excessive force resulting in serious physical injury, Plaintiff alleges a violation of Title 42 U.S.C. §1983 as set forth hereinafter:

20. Plaintiff re-alleges Paragraphs 1 through 19, inclusive, of this Complaint and hereby incorporates them in this First Cause of Action as though fully set forth herein.

21. On or about September 25, 2005, Plaintiff and his co-workers went to a drinking establishment after a long hard day at work. At approximately 9:30 p.m. Plaintiff left with a couple of friends to accompany them home. After walking his last friend to their house, Plaint began his walk home which at the time was located at 3038 Rheem Street, City of Richmond, State of California. Plaintiff walked down Twenty-third Street in Richmond, California to San Pablo Avenue. When Plaintiff arrived at a gas station on San Pablo Avenue in San Pablo, California, Plaintiff was tired and decided to sit down to rest on the curb near a bus stop located by the corner of a gas station. Plaintiff fell asleep in a seated position.

22. A strike to the left side of his neck administered by Defendant VIRGIL THOMAS who was acting as a Richmond police officer on patrol, awoke Plaintiff. Plaintiff turned to see Defendant THOMAS who spoke to Plaintiff in English, but Plaintiff does not understand English. Defendant THOMAS then kicked Plaintiff three of four times in his lower rid areas. Plaintiff laid on the ground while Defendant THOMAS walked to his white police car. When Defendant THOMAS returned to

1 Plaintiff, Defendant THOMAS was very angry and began kicking Plaintiff again, and
2 then punched him about four times in the face and neck.
3     23.    Plaintiff, at all times, kept his hands in plain sight, did not provoke
4 Defendant, and made no effort to flee, resist, or strike Defendant VIRGIL THOMAS.
5     24.    During this unjustifiable assault, another man walked up and said
6 something to Defendant THOMAS. He and Defendant THOMAS spoke for a while,
7 and then Defendant THOMAS walked to his care, got in, yelled something to the man,
8 and then drove away with deliberate indifference to, and reckless disregard for,
9 Plaintiff's need for medical care and/or treatment.
10     25.    This man, later identified as Mikle Monday, took Plaintiff to the
11 Doctors Medical Center in the City of San Pablo.
12     26.    Defendant VIRGIL THOMAS employed the use of unnecessary,
13 excessive, and unreasonable force in his beating of Plaintiff.
14     27.    At no time prior to Plaintiff being attacked by Defendant THOMAS
15 did Plaintiff engage in any effort to physically assault Defendant THOMAS, or
16 otherwise resist Defendant THOMAS in his capacity as a law enforcement officer.
17     28.    As a direct and immediate result of the unprovoked attack and assault
18 initiated and carried out by Defendant VIRGIL THOMAS, Plaintiff suffered serious
19 physical injuries in the form of abrasions and facial contusions.
20     29.    Defendants, and each of them, failed, refused, and/or neglected to
21 obtain or provide Plaintiff with any emergency medical care, or treatment, for the
22 obvious and apparent injuries he had sustained as a result of Defendant THOMAS
23 having beaten him.
24     30.    Plaintiff alleges on information and belief that Defendants CITY OF
25 RICHMOND, and DUNCAN, have maintained a widespread, long standing, and
26 deeply embedded, informal and unwritten custom or practice of tacit authorization
27 and/or deliberate indifference with respect to Richmond Police Department employees,
28 and/or officers, engaging in the use of excessive force against private citizens, which

1  unwritten custom or policy is and was a proximate cause, or substantial contributing
2  risk of, Plaintiff's injuries.
3      31.    Plaintiff is informed and believes, and on that basis alleges, that
4  Defendants CITY OF RICHMOND, and TERRY HUDSON, knew or reasonably
5  should have known prior to Defendant VIRGIL THOMAS' assault on Plaintiff, that
6  Defendant VIRGIL THOMAS had engaged in, or employed the use of, excessive force
7  against others on at least one or more occasions. Yet Defendants CITY OF
8  RICHMOND, and TERRY HUDSON, failed to take such steps as would be reasonable
9  to discipline, supervise, or re-train Defendant VIRGIL THOMAS to prevent him from
10 continuing to engage in excessive use of force thereafter.
11     32.    Plaintiff alleges on information and belief that Defendants CITY OF
12 RICHMOND, and TERRY HUDSON, are liable for the deprivation of Plaintiff's civil
13 rights as set forth herein due to their individual, and collective, deliberate indifference
14 to Defendant VIRGIL THOMAS, and other Richmond Police officers' use of
15 excessive force against private citizens, including the Plaintiff, and the failure to take
16 reasonable steps to prevent such excessive use of force (Accord: Hammer v. Gross,
17 (9th Cir. 1989) 932 F2d. 842, 850; Ricciuti v. New York Transit Authority, (2d Cir.
18 1991) 941 Fd. 119, 123; Hopkins v. Andaya, (9th Cir. 1992) 958 F2d. 881, 888).
19     33.    Plaintiff alleges that Defendants CITY OF RICHMOND and TERRY
20 HUDSON possessed the authority and/or power to have prevented Defendant VIRGIL
21 THOMAS from engaging in the acts of assault and excessive use of force against
22 Plaintiff, yet Defendants CITY OF RICHMOND and TERRY HUDSON failed to
23 employ such authority or power inasmuch as they did not properly train, supervise,
24 and/or discipline the subordinate officer.
25     34.    As a proximate result of the Defendants acts, and/or omissions having
26 been complained of herein, Plaintiff suffered actual physical injury and pain, severe
27 and serious emotional distress, and mental anguish, due to Defendants having
28 assaulted and used excessive force against him when they deprived him of his liberty

1  or seized his person without reasonable and/or probable cause in violation of the
2  Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

### PLAINTIFF'S SECOND CAUSE OF ACTION

4  35.  As a separate and complete Second Cause of Action, as against
5  Defendants CITY OF RICHMOND, TERRY HUDSON, VIRGIL THOMAS, and
6  Does Nos. 1 through 20, inclusively, for violation of Plaintiff's Eighth and Fourteenth
7  Amendment rights, under the U.S. Constitution, to be provided with emergency
8  medical care and treatment which would make him free from cruel and unusual
9  punishment while in the Defendants' custody as an arrestee or detainee, Plaintiff
10 alleges that the aforementioned Defendants, and each of them, deprived him of such
11 emergency medical care and inflicted cruel and unusual punishment on his person,
12 under color of state law, in violation of Title 42 U.S.C. §1983 (Estelle v. Gamble,
13 (1976) 429 U.S. 97, 104, 97 SCt. 285; Rhyne v. Henderson, (5th Cir. 1992) 973 F2d.
14 386, 391) as set forth hereinafter:

15 36.  In support of this Second Cause of Action for Defendants having
16 deprived Plaintiff of emergency medical care, and infliction of cruel and unusual
17 punishment, Plaintiff re-alleges each and every factual allegation having been
18 previously stated in Paragraphs number 1 through 36, inclusive, of this Complaint as if
19 same were now restated herein at length and incorporated hereto by this reference.

### PLAINTIFF'S THIRD CAUSE OF ACTION

21 37.  As a separate and complete. Third Cause of Action, Plaintiff alleges a
22 state law tort action under California Civil Code §43 for assault and battery against
23 Defendant VIRGIL THOMAS as a pendent claim to this civil rights action.

24 38.  In support, of this Third Cause of Action for Assault and Battery
25 intentionally committed by the aforementioned defendant against the Plaintiff on or
26 about September 25, 2005, Plaintiff re-alleges each and every factual allegation having
27 been previously stated in Paragraphs number 1 through 37, inclusive, of this Complaint
28 as if same were now restated herein at length and incorporated hereto by this reference.

39. Plaintiff alleges that the defendant had no lawful justification, reason, and/or privilege for his having used excessive force on Plaintiff during the assault and battery of September 25, 2005.

40. Plaintiff is informed and believes, and on that basis alleges, that Defendant VIRGIL THOMAS may be held liable for his intentional acts of having assaulted and battered Plaintiff pursuant to, and in accordance with California Government Code §820(a).

### PLAINTIFF'S FOURTH CAUSE OF ACTION

41. As a separate and complete Fourth Cause of Action, Plaintiff alleges a state law tort under California Civil Code §43 for intentional infliction of emotional distress against defendant VIRGIL THOMAS as a pendent claim to this civil rights action.

42. In support of this Fourth Cause of Action for Intentional Infliction of Emotional Distress committed by the aforementioned defendant against the Plaintiff on or about September 25, 2005, Plaintiff re-alleges each and every factual allegation having been previously stated in Paragraphs number 1 through 41, inclusive, of this Complaint as if same were now restated herein at length and incorporated hereto by this reference.

43. Plaintiff alleges that the above named defendant, in the absence of any privilege, willfully and intentionally subjected Plaintiff to serious and severe mental suffering and distress when he engaged in outrageous conduct by initiating a physical assault knowing that Plaintiff would suffer physical injury, fear, fright, and/or shock.

44. Plaintiff further alleges that after defendant VIRGIL THOMAS commenced his physical assault on September 25, 2005, defendant mercilessly beat the Plaintiff for a substantial period of time with reckless disregard to Plaintiff's mental, emotional, and physical well-being.

45. Plaintiff is informed and believes, and on that basis alleges, that Defendant VIRGIL THOMAS may be held liable for his intentional infliction of

1 | emotional distress against and/or upon Plaintiff pursuant to, and in accordance with,
2 | California Government Code §820(a).
3 |     46.    Plaintiff further alleges that as a proximate result of the defendant's
4 | outrageous conduct Plaintiff actually suffered mental and emotional distress including
5 | an initial, and continuing, fear of public places as well as being beaten by law
6 | enforcement authorities.

## PLAINTIFF'S PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for and requests the following specific relief:

1. Plaintiff prays for an award of compensatory damages as against the defendants, and each of them, found jointly and/or severally liable, in such amounts as may be determined by the trier of fact according to proof at trials including, but limited to, compensatory damages for his pain and suffering, medical expenses, lost wages and/or income, out of pocket expenses and such other general damages as may be allowed by law (See: California Civil Code §3333).

2. Plaintiff prays for an award of special damages, as against each defendant, jointly and/or severally, to the extent allowed or authorized by law whenever appropriate. (See: California Code of Civil Procedure §128.5; Rule 11, Fed.R.Civ.P.; Rule 37(b), Fed.R.Civ.P.; and any other statutory provision that may be applicable).

3. Plaintiff prays for an award of exemplary or punitive damages against each of the defendants, separately and/or individually, (except the CITY OF RICHMOND) according to proof at the time of trial. (See: California Civil Code §3294; Smith v. Wade, 461 U.S. 30, 49-51, 103 SCt. 1625 (1983)).

4. Plaintiff prays for an award of all allowable expenses and costs necessarily incurred by the Plaintiff in prosecuting this action to conclusion including, but not limited to, such costs as may be allowed

1 | as a prevailing party. (Rule 54(d), Fed.R.Civ.P.; 28 U.S.C. §1920).

2 | 5. Plaintiff prays for an award of attorneys fees and/or costs as may be authorized pursuant to 42 U.S.C. §1988 and/or <u>Texas State Teachers Assn. v. Garland Independent School District,</u> 489 U.S. 782, 109 SCt. 1486, 1493 (1989).

6. Plaintiff demands a jury trial on each and every material fact in dispute between the parties to this litigation.

7. Plaintiff prays for a determination of his rights, privileges, and/or entitlements, under the Fourth, Fifth, Eighth and Fourteenth Amendments to the U.S. Constitution, where such a determination may be required or necessary to the judgment or disposition of this action.

8. Plaintiff prays for such further and additional relief as the court may deem just, proper, and/or equitable.

Dated: September 21, 2007

**H. F. LAYTON LAW OFFICE**

*/s/ H. F. Layton*

H. F. LAYTON
Attorneys for Plaintiff
8660-B Brentwood Blvd.
Brentwood, California 94513
(925)-240-1040

1 | **DEMAND FOR JURY TRIAL**
2 | The Plaintiff in the above-entitled action requests a trial by jury as provided by
3 | Amendment VII of the Constitution of the United States and by Rule 38 of the Federal
4 | Rules of Civil Procedure.
5 | Dated: September 21, 2007                    **H. F. LAYTON LAW OFFICE**

*/s/ H. F. Layton*
H. F. LAYTON
Attorneys for Plaintiff
8660-B Brentwood Blvd.
Brentwood, California 94513
(925)-240-1040