1 | H. F. Layton (SBN 154465)
2 | James Martinez (SBN 235800)
**H. F. LAYTON LAW OFFICE**
3 | 8660-B Brentwood Blvd.
Brentwood, CA  94513
4 | Telephone: (925) 240-1040
Facsimile: (925) 240-1878

5 | Attorneys for Plaintiff
**RAMON CASTILLO**

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| **RAMON CASTILLO,** | Case Number C07-4912 |
| Plaintiff, | |
| vs. | **FIRST AMENDED COMPLAINT, DEMAND FOR JURY TRIAL, AND CERTIFICATION OF INTERESTED PARTIES OR PERSONS** |
| **CITY OF RICHMOND, a Municipal Corporation; VIRGIL THOMAS,** individually and as an Officer of the Richmond Police Department; **TERRY HUDSON,** individually and as Chief of Police of the Richmond Police Department; and DOES 1-100, inclusive, | (Deprivation of Rights Under Color of State Law) |
| | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiff alleges:

**PRELIMINARY STATEMENT**

1. This is a civil action commenced by RAMON CASTILLO, as the Plaintiff, through his attorney H. F. LAYTON LAW OFFICE, for damages and other appropriate relief, under Title 42 U.S.C. Section 1983, alleging excessive use of force and denial of emergency medical care in violation of the Fourth, Eighth and Fourteenth Amendments to the United States Constitution as more specifically described hereinafter. (Accord: <u>Graham v. Connor</u>, (1989) 490 U.S. 386, 109 S.Ct 1865: <u>White v. Roper</u>, (9th Cir. 1990) 901 F2d. 1501, 1507; and <u>Estelle v. Gamble</u>, (1976) 429 U.S. 97, 104, 79 S.Ct. 285)

**JURISDICTION**

2. This Court has jurisdiction over Plaintiff's claims for violation of his federal constitutional rights under Title 42 U.S.C. §§1331 (a) and 1343.

**INTRADISTRICT ASSIGNMENT**

3. A substantial part of the events or omissions which give rise to the claim occurred in Contra Costa County and therefore this action is properly assigned to the San Francisco Division or the Oakland Division.

**PARTIES**

4. The Plaintiff, Ramon Castillo, is and was at all times set forth hereinafter, an individual person and who resides in the State of California, entitled to all the rights, privileges, and/or protections, guaranteed to him by way of the United States Constitution.

5. The defendant, CITY OF RICHMOND, is and was at all times set forth hereinafter, a municipal corporation organized under the laws of the State of California.

6. Plaintiff is informed and believes, and on that basis alleges, that defendant CITY OF RICHMOND, is and was at all material and relevant times set forth hereinafter, a local public entity responsible for the creation, operations, and fiscal

1  maintenance, of the Richmond City Police Department, including but limited to the
2  customs, policies, and operational plans or procedures, governing and regarding
3  official use of force by employees and officers of the Richmond Police Department.
4        7. Defendant, CITY OF RICHMOND, is sued in both its individual and
5  official capacity. Plaintiff alleges that the CITY OF RICHMOND is derivatively liable
6  for the excessive use of force and false arrest and imprisonment having been suffered
7  by the Plaintiff as more particularly alleged hereinafter. (See: Martinez vs. City of Los
8  Angeles, (9th Cir. 1998) 141 F3d. 1371).
9        8. The defendant, TERRY HUDSON, was at all material and relevant times
10 set forth hereinafter, an individual person, and/or an Acting Chief of Police, for the
11 Richmond City Police Department located in Richmond, California.
12       9. Plaintiff is informed and believes, and on that basis alleges, that in both his
13 individual and official capacity, defendant TERRY HUDSON, was at the times set
14 forth hereinafter, duly responsible for the overall supervision, training, and/or
15 discipline of police officers employed by the CITY OF RICHMOND s, Richmond
16 Police Department, including but not limited to implementing and enforcing that
17 departments customs, policies, and operational plans or procedures, governing and
18 regulating official use of force by employees and officers of the Richmond Police
19 Department.
20       10. Plaintiff is further informed and believes, and on that basis alleges, that
21 defendant TERRY HUDSON, was at all material and relevant times set forth
22 hereinafter, responsible for the direct training, supervision, and/or discipline, of police
23 officers employed by the Richmond Police Department regarding their lawful use of
24 force and prohibited excessive use of force.
25       11. Defendant TERRY HUDSON, is sued in both his individual and official
26 capacities.
27       12. The defendant, VIRGIL THOMAS, is and was at all times set forth
28 hereinafter, an individual person, employed by the CITY OF RICHMOND, and the

3

1  Richmond Police Department as a police officer. This defendant is sued in his
2  individual capacity.
3      13. Defendants VIRGIL THOMAS, TERRY HUDSON, and DOES Numbers
4  1 through 20, inclusive, were at all times material to this Complaint, duly sworn police
5  officers and/or representatives of the Richmond Police Department, who acted toward
6  or against, Plaintiff under color of law, statues, ordinances, unwritten customs or
7  practices, of the CITY OF RICHMOND and/or the Richmond Police Department.
8      14. Defendants DOES Numbers 21 through 100, inclusive, and others not
9  presently known to the Plaintiff, were at all times material to this Complaint,
10 individual citizens who acted in concert with the defendants who were, and/or are,
11 duly sworn police officers and/or representative supervisors of the CITY OF
12 RICHMOND and/or Richmond Police Department, while violating Plaintiff's civil
13 rights under color of law, statutes, ordinances, customs, and/or usages of authority of
14 the City of Richmond, and/the Richmond Police Department.
15     15. Defendants DOES Numbers 1 through 100, inclusive, are sued in their
16 individual capacity as well as their official capacity to the extent that such official
17 capacity may be appropriate.
18     16. Inasmuch as Plaintiff is currently ignorant as to the true names, identities,
19 and/or capacities, of Defendants DOES Numbers 1 through 100, inclusive, Plaintiff
20 sues each of them separately and individually by fictitious names until their true and
21 correct identities become known to this Plaintiff at which time Plaintiff will Amend
22 this Complaint to fully set forth their true and correct names, capacities, and the factual
23 circumstances related to their respective liability.

24 **PLAINTIFF'S CAUSES OF ACTION AGAINST DEFENDANTS**
25 **PLAINTIFF'S FIRST CAUSE OF ACTION**
26     17. As a separate and complete First Cause of Action as against the defendants
27 CITY OF RICHMOND, VIRGIL THOMAS, TERRY HUDSON, and DOES Numbers
28 1 through 100, inclusive, for violating Plaintiff's Fourth, Fifth, Eighth and Fourteenth

Amendment rights, under the U.S. Constitution, to be free from the seizure of his person by way of the defendants having used excessive force resulting in serious physical injury, Plaintiff alleges a violation of Title 42 U.S.C. §1983 as set forth hereinafter:

18. Plaintiff re-alleges Paragraphs 1 through 19, inclusive, of this Complaint and hereby incorporates them in this First Cause of Action as though fully set forth herein.

19. On or about September 25, 2005, Plaintiff and his co-workers went to a drinking establishment after a long hard day at work. At approximately 9:30 p.m. Plaintiff left with a couple of friends to accompany them home. After walking his last friend to their house, Plaint began his walk home which at the time was located at 3038 Rheem Street, City of Richmond, State of California. Plaintiff walked down Twenty-third Street in Richmond, California to San Pablo Avenue. When Plaintiff arrived at a gas station on San Pablo Avenue in San Pablo, California, Plaintiff was tired and decided to sit down to rest on the curb near a bus stop located by the corner of a gas station. Plaintiff fell asleep in a seated position.

20. A strike to the left side of his neck administered by Defendant VIRGIL THOMAS who was acting as a Richmond police officer on patrol, awoke Plaintiff. Plaintiff turned to see Defendant THOMAS who spoke to Plaintiff in English, but Plaintiff does not understand English. Defendant THOMAS then kicked Plaintiff three of four times in his lower rid areas. Plaintiff laid on the ground while Defendant THOMAS walked to his white police car. When Defendant THOMAS returned to Plaintiff , Defendant THOMAS was very angry and began kicking Plaintiff again, and then punched him about four times in the face and neck.

21. Plaintiff, at all times, kept his hands in plain sight, did not provoke Defendant, and made no effort to flee, resist, or strike Defendant VIRGIL THOMAS.

22. During this unjustifiable assault, another man walked up and said something to Defendant THOMAS. He and Defendant THOMAS spoke for a while,

and then Defendant THOMAS walked to his care, got in, yelled something to the man, and then drove away with deliberate indifference to, and reckless disregard for, Plaintiff s need for medical care and/or treatment.

23. This man, later identified as Mikle Monday, took Plaintiff to the Doctors Medical Center in the City of San Pablo.

24. Defendant VIRGIL THOMAS employed the use of unnecessary, excessive, and unreasonable force in his beating of Plaintiff.

25. At no time prior to Plaintiff being attacked by Defendant THOMAS did Plaintiff engage in any effort to physically assault Defendant THOMAS, or otherwise resist Defendant THOMAS in his capacity as a law enforcement officer.

26. As a direct and immediate result of the unprovoked attack and assault initiated and carried out by Defendant VIRGIL THOMAS, Plaintiff suffered serious physical injuries in the form of abrasions and facial contusions.

27. Defendants, and each of them, failed, refused, and/or neglected to obtain or provide Plaintiff with any emergency medical care, or treatment, for the obvious and apparent injuries he had sustained as a result of Defendant THOMAS having beaten him.

28. Plaintiff alleges on information and belief that Defendants CITY OF RICHMOND, and DUNCAN, have maintained a widespread, long standing, and deeply embedded, informal and unwritten custom or practice of tacit authorization and/or deliberate indifference with respect to Richmond Police Department employees, and/or officers, engaging in the use of excessive force against private citizens, which unwritten custom or policy is and was a proximate cause, or substantial contributing risk of, Plaintiff's injuries.

29. Plaintiff is informed and believes, and on that basis alleges, that Defendants CITY OF RICHMOND, and TERRY HUDSON, knew or reasonably should have known prior to Defendant VIRGIL THOMAS  assault on Plaintiff, that Defendant VIRGIL THOMAS had engaged in, or employed the use of, excessive force

1  against others on at least one or more occasions.  Yet Defendants CITY OF
2  RICHMOND, and TERRY HUDSON, failed to take such steps as would be reasonable
3  to discipline, supervise, or re-train Defendant VIRGIL THOMAS to prevent him from
4  continuing to engage in excessive use of force thereafter.

5        30.    Plaintiff alleges on information and belief that Defendants CITY OF
6  RICHMOND, and TERRY HUDSON, are liable for the deprivation of Plaintiff's civil
7  rights as set forth herein due to their individual, and collective, deliberate indifference
8  to Defendant VIRGIL THOMAS, and other Richmond Police officers  use of
9  excessive force against private citizens, including the Plaintiff, and the failure to take
10 reasonable steps to prevent such excessive use of force (Accord: <u>Hammer v. Gross</u>,
11 (9th Cir. 1989) 932 F2d. 842, 850; <u>Ricciuti v. New York Transit</u> Authority, (2d Cir.
12 1991) 941 Fd. 119, 123; <u>Hopkins v. Andaya,</u> (9th Cir. 1992) 958 F2d. 881, 888).

13       31.    Plaintiff alleges that Defendants CITY OF RICHMOND and  TERRY
14 HUDSON possessed the authority and/or power to have prevented Defendant VIRGIL
15 THOMAS from engaging in the acts of assault and excessive use of force against
16 Plaintiff, yet Defendants CITY OF RICHMOND and TERRY HUDSON failed to
17 employ such authority or power inasmuch as they did not properly train, supervise,
18 and/or discipline the subordinate officer.

19       32.    As a proximate result of the Defendants acts, and/or omissions having
20 been complained of herein, Plaintiff suffered actual physical injury and pain, severe
21 and serious emotional distress, and mental anguish, due to Defendants having
22 assaulted and used excessive force against him when they deprived him of his liberty
23 or seized his person without reasonable and/or probable cause in violation of the
24 Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

25       **PLAINTIFF'S SECOND CAUSE OF ACTION**
26       33.    As a separate and complete Second Cause of Action, as against
27 Defendants CITY OF RICHMOND, TERRY HUDSON, VIRGIL THOMAS, and
28 Does Nos. 1 through 20, inclusively, for violation of Plaintiff's Eighth and Fourteenth

1   Amendment rights, under the U.S. Constitution, to be provided with emergency
2   medical care and treatment which would make him free from cruel and unusual
3   punishment while in the Defendants custody as an arrestee or detainee, Plaintiff
4   alleges that the aforementioned Defendants, and each of them, deprived him of such
5   emergency medical care and inflicted cruel and unusual punishment on his person,
6   under color of state law, in violation of Title 42 U.S.C. §1983 (Estelle v. Gamble,
7   (1976) 429 U.S. 97, 104, 97 SCt. 285; Rhyne v. Henderson, (5th Cir. 1992) 973 F2d.
8   386, 391) as set forth hereinafter:

9       34.   In support of this Second Cause of Action for Defendants having
10  deprived Plaintiff of emergency medical care, and infliction of cruel and unusual
11  punishment, Plaintiff re-alleges each and every factual allegation having been
12  previously stated in Paragraphs number 1 through 36, inclusive, of this Complaint as if
13  same were now restated herein at length and incorporated hereto by this reference.

**PLAINTIFF'S PRAYER FOR RELIEF**

15  WHEREFORE, Plaintiff prays for and requests the following specific relief:
16  1.   Plaintiff prays for an award of compensatory damages as against the
17       defendants, and each of them, found jointly and/or severally liable, in
18       such amounts as may be determined by the trier of fact according to
19       proof at trials including, but limited to, compensatory damages for his
20       pain and suffering, medical expenses, lost wages and/or income, out of
21       pocket expenses and such other general damages as may be allowed by
22       law;
23  2.   Plaintiff prays for an award of special damages, as against each
24       defendant, jointly and/or severally, to the extent allowed or authorized
25       by law whenever appropriate;
26  3.   Plaintiff prays for an award of exemplary or punitive damages against
27       each of the defendants, separately and/or individually, (except the CITY
28       OF RICHMOND) according to proof at the time of trial. (Smith v.

|   |   |   |
|---|---|---|
| 1 |    | Wade, 461 U.S. 30, 49-51, 103 S.Ct. 1625 (1983)); |
| 2 | 4. | Plaintiff prays for an award of all allowable expenses and costs |
| 3 |    | necessarily incurred by the Plaintiff in prosecuting this action to |
| 4 |    | conclusion including, but not limited to, such costs as may be allowed |
| 5 |    | as a prevailing party. (Rule 54(d), Fed.R.Civ.P.; 28 U.S.C. §1920). |
| 6 | 5. | Plaintiff prays for an award of attorneys fees and/or costs as may be |
| 7 |    | authorized pursuant to 42 U.S.C. §1988 and/or Texas State Teachers |
| 8 |    | Assn. v. Garland Independent School District, 489 U.S. 782, 109 S.Ct. |
| 9 |    | 1486, 1493 (1989); |
| 10 | 6. | Plaintiff demands a jury trial on each and every material fact in dispute |
| 11 |    | between the parties to this litigation; |
| 12 | 7. | Plaintiff prays for a determination of his rights, privileges, and/or |
| 13 |    | entitlements, under the Fourth, Fifth, Eighth and Fourteenth |
| 14 |    | Amendments to the U.S. Constitution, where such a determination may |
| 15 |    | be required or necessary to the judgment or disposition of this action. |
| 16 | 8. | Plaintiff prays for such further and additional relief as the court may |
| 17 |    | deem just, proper, and/or equitable; |

Dated: January 8, 2008                                    **H. F. LAYTON LAW OFFICE**

_____/S/_____
JAMES MARTINEZ
Attorneys for Plaintiff
8660-B Brentwood Blvd.
Brentwood, California 94513

9

**DEMAND FOR JURY TRIAL**

The Plaintiff in the above-entitled action requests a trial by jury as provided by Amendment VII of the Constitution of the United States and by Rule 38 of the Federal Rules of Civil Procedure.

Dated: January 8, 2008                                    **H. F. LAYTON LAW OFFICE**

_____               /S/
                                                                        JAMES MARTINEZ
                                                                        Attorneys for Plaintiff
                                                                        8660-B Brentwood Blvd.
                                                                        Brentwood, California 94513
                                                                        (925)-240-1040