JAMES V. FITZGERALD, III (State Bar No. 55632)
NOAH G. BLECHMAN (State Bar No. 197167)
MCNAMARA, DODGE, NEY, BEATTY, SLATTERY,
PFALZER, BORGES & BROTHERS LLP
1211 Newell Avenue
Post Office Box 5288
Walnut Creek, CA 94596
Telephone: (925) 939-5330
Facsimile:  (925) 939-0203

Attorneys for Defendant
CITY OF RICHMOND, VIRGIL THOMAS and TERRY HUDSON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON CASTILLO,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>CITY OF RICHMOND, a Municipal Corporation: VIRGIL THOMAS, individually and as an Officer of the Richmond Police Department; TERRY HUDSON, individually and as Chief of Police of the Richmond Police Department; and DOES 1-100, Inclusive,<br><br>　　　　　Defendants. | Case No. C07-4912 EDL<br><br>**ANSWER TO FIRST AMENDED COMPLAINT** |

　　　　This answer to Plaintiff RAMON CASTILLO's ("Plaintiff") First Amended Complaint (hereafter "FAC") is being submitted by Defendants CITY OF RICHMOND, TERRY HUDSON, in his capacity as former Chief of Police for CITY OF RICHMOND, and Richmond police officer VIRGIL THOMAS.  Except as indicated otherwise the aforementioned parties will be referred to as answering Defendants.  Defendants herein demand a jury trial.

### PRELIMINARY STATEMENT

　　　　1.　　In answering paragraph 1, these answering Defendants admit that Plaintiff has brought suit against them for various theories, but deny the remaining allegations of paragraph 1.

///

ANSWER TO FIRST AMENDED COMPLAINT

## JURISDICTION

2. These answering Defendants neither admit nor deny the allegations in paragraph 2 as they are legal matters not proper for admission or denial.

## INTRADISTRICT ASSIGNMENT

3. These answering Defendants neither admit nor deny the allegations in paragraph 3 as they are legal matters not proper for admission or denial.

## PARTIES

4. In answering paragraphs 4 through 16, these answering Defendants respond as follows.

5. These answering Defendants neither admit nor deny the allegations in paragraph 4 relating to the Plaintiff.

6. These answering Defendants admit that the City of Richmond is a municipal corporation organized under the laws of the State of California and that the City of Richmond oversees the operations of the Richmond City Police Department per the allegations in paragraphs 5 through 6. Defendants further admit that the City of Richmond was the public entity employer of the other named Defendants all at all appropriate times in answering paragraphs 4 through 16.

7. These answering Defendants neither admit nor deny the allegations in paragraph 7 as they are legal matters not proper for admission or denial.

8. These answering Defendants admit that Defendant TERRY HUDSON was the acting Chief of Police for the Richmond Police Department at the time of the incident alleged in Plaintiff's FAC and oversaw the operations of the Richmond City Police Department in answering paragraphs 8 through 10.

9. These answering Defendants neither admit nor deny the allegations in paragraph 11 as they are legal matters not proper for admission or denial.

10. These answering Defendants admit that Defendant VIRGIL THOMAS was, at all times referenced in Plaintiff's FAC, employed as Police Officer by the City of Richmond, acting under color of law and in the course and scope of his employment with the City of Richmond Police Department in answering paragraph 12. These answering Defendants neither admit nor

ANSWER TO FIRST AMENDED COMPLAINT        2

deny the remaining allegations in paragraph 12, namely whether Defendant VIRGIL THOMAS is sued in his individual capacity, as this is a legal matter not proper for admission or denial.

11. These answering Defendants deny the allegations in paragraphs 13 through 16.

### PLAINTIFF'S FIRST CAUSE OF ACTION

12. In answering paragraphs 17 through 32, Defendants re-allege their responses to paragraphs 1 through 16 of Plaintiff's FAC.

13. Defendants deny the allegations in paragraphs 17 through 32.

### PLAINTIFF'S SECOND CAUSE OF ACTION

14. In answering paragraphs 33 through 34, Defendants re-allege their responses to paragraphs 1 through 32 of Plaintiff's complaint.

15. Defendants deny the allegations in paragraphs 33 through 34.

### PLAINTIFF'S PRAYER FOR RELIEF

16. These answering Defendants neither admit nor deny the allegations and prayer for relief in the Prayer for Relief section of the FAC as they are legal matters not proper for admission or denial.

### AFFIRMATIVE DEFENSES

1. AS AND FOR A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that said FAC fails to state facts sufficient to constitute a cause of action against these answering Defendants.

2. AS AND FOR A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiff has failed to state facts sufficient to support a prayer for punitive damages against these answering Defendants in Plaintiff's FAC herein.

3. AS AND FOR A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that at all times and places mentioned in the FAC herein, the Plaintiff failed to mitigate the amount of his damages, if any. The damages claimed by Plaintiff could have been mitigated by due diligence on his part or by one acting under similar circumstances. The Plaintiff's failure to mitigate is a bar to his recovery under the Complaint.

4. AS AND FOR A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiff's own negligence in and about the matters alleged in his FAC herein was the sole proximate cause of the happening of the incident, and of the injuries, loss and damages complained of, if any there were, and said negligence on the part of Plaintiff bars recovery to Plaintiff or, in the alternative, that said Plaintiff's negligence in and about the matters alleged in the FAC herein proximately contributed to the happening of the accident and to the injuries, loss and damages complained of, if any there were, and said negligence on the part of Plaintiff requires that any damages awarded Plaintiff shall be diminished as required by the law of the State of California in proportion to the amount of fault attached to said Plaintiff.

5. AS AND FOR A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiff has failed to state a cause of action in that each of the causes of action as alleged herein is barred by provisions of Sections 312 through 362 of the California Code of Civil Procedure.

6. AS AND FOR A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiff had full knowledge of all the risks, dangers, and hazards, if any there were, and nevertheless voluntarily and with full appreciation of the amount of danger involved in his actions and the magnitude of the risk involved, assumed the risk of injuries and damages to themselves.

7. AS AND FOR A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiff's unclean hands preclude any recovery by Plaintiff.

8. AS AND FOR A EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that the Plaintiff by virtue of his own conduct and omissions has enhanced and materially contributed to the damages, if any there may be, allegedly sustained by Plaintiff as a result of the acts or omissions complained of herein.

9. AS AND FOR A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that there is no statutory or other basis for the attorney's fees sought by Plaintiff.

ANSWER TO FIRST AMENDED COMPLAINT    4

10. AS AND FOR A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that the matters complained of by Plaintiff, if committed by Defendants, were consented to by Plaintiff.

11. AS AND FOR A ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that at all times herein mentioned, the acts complained of, if any there were, were privileged under applicable statutes and case law.

12. AS AND FOR A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that they are immune from liability herein and/or Plaintiff's claims are time barred pursuant to the provisions of California Government Code Sections 810 through 996.6.

13. AS AND FOR A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that the alleged acts or omissions of the peace officers complained of in the Complaint herein were based upon the peace officer's reasonable belief that the Plaintiff had committed crimes in the officer's presence and the officer used reasonable force to detain Plaintiff, effect the arrest, prevent the escape and/or overcome the resistance of said Plaintiff; and Defendants are therefore immune by virtue of the provisions of Section 836.5(a) and 836.5(b) of the Penal Code.

14. AS AND FOR A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that at or about the time of the alleged event, the Defendants were presented with and had in their possession sufficient facts to constitute probable cause for the arrest of Plaintiff.

15. AS AND FOR A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that at all times herein mentioned, all actions taken by the Defendants were reasonable under the circumstances and taken under a good faith belief that the actions were not unlawful and Defendants are therefore immune under the "good faith immunity" and/or qualified immunity doctrines.

///

16. AS AND FOR A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that only such reasonable force as was necessary and lawful under the circumstances was used by the Defendants.

17. AS AND FOR A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiff was himself belligerent, and was striking, hitting, threatening, and battering the Defendants and the Defendants acted in self-defense.

## PRAYER FOR RELIEF

WHEREFORE, Defendants prays the following relief:

1. That plaintiff take nothing by way of his Complaint herein;
2. For costs of suit;
3. For attorney's fees;
4. For such further relief as this Court may deem just and proper.

Dated: January 29, 2008

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP

By: _____
James V. Fitzgerald, III / Noah G. Blechman
Attorneys for Defendant
CITY OF RICHMOND, VIRGIL THOMAS, and TERRY HUDSON