H. F. Layton (SBN 154465)
James Martinez (SBN 235800)
**H. F. LAYTON LAW OFFICE**
8660-B Brentwood Blvd.
Brentwood, CA  94513
Telephone: (925) 240-1040
Facsimile: (925) 240-1878

Attorneys for Plaintiff
RAMON CASTILLO

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **RAMON CASTILLO,**<br><br>　　　　Plaintiff,<br><br>vs.<br><br>**CITY OF RICHMOND, a Municipal Corporation; VIRGIL THOMAS, individually and as an Officer of the Richmond Police Department; TERRY HUDSON, individually and as Chief of Police of the Richmond Police Department; and DOES 1-100, inclusive,**<br><br>　　　　Defendants. | Case Number C07-04912 MHP<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br><br>Date:　February 25, 2008<br>Time:　4:00 p.m.<br>Judge:　Honorable Marilyn H. Patel |

**I.    JURISDICTION AND SERVICE**

This Court has subject matter jurisdiction for Plaintiff s claims against all Defendants for violation of his federal constitutional rights under Tile 42 U.S.C. Sections 1331(a) and 1343.  All Defendants have been served.  There are no issues regarding personal jurisdiction or venue.

II.     FACTS

     A.     Plaintiff's Version

On September 25, 2005, at approximately 9:30 p.m., Plaintiff accompanied a few friends to their home, in Richmond, California. After walking his last friend to their house, Plaintiff began walking towards his home which was at the time of this incident located at 3038 Rheem Street, in the City of Richmond. Plaintiff walked down Twenty-third Street towards San Pablo Avenue. When Plaintiff arrived at a gas station on San Pablo Avenue, in the City of San Pablo, Plaintiff was tired and decided to sit down and rest at the corner on the curb. Plaintiff, however, dozed off.

Plaintiff was awoken when Defendant Virgil Thomas, who was acting as a Richmond Police Officer on patrol, struck the left side of his neck. Plaintiff Castillo then turned to look at Defendant Thomas, who said something to him in English, but Plaintiff does not understand English. Defendant Thomas then proceeded to kick Plaintiff three or four times in his lower rib areas. Plaintiff Castillo laid on the ground while Defendant Thomas walked to his police car. When Defendant Thomas returned, Defendant kicked Plaintiff once again, and then punched him three or four times in the face and neck.

Plaintiff, at all times during this attack, kept his hands in plain sight, and neither provoked Defendant Thomas, nor made any effort to flee, resist, or strike Defendant Thomas. A witness took Plaintiff to Doctors Medical Center located in the City of San Pablo for treatment. Plaintiff Castillo suffered serious physical injuries including abrasions and facial contusions.

     **B.     Defendants' Version**

Defendants vehemently deny Plaintiff's facts and further allege that Plaintiff himself was the aggressor. Officer Thomas approached Plaintiff as Plaintiff was either passed out drunk, sleeping on the sidewalk, or had a medical issue. When he attempted to arouse the Plaintiff to investigate, Plaintiff began punching at Officer Thomas, impacting Officer Thomas in the legs. Officer Thomas used a distraction

technique to Plaintiff's shoulder to stop Plaintiff's assault. There was only minor contact between the two individuals. Plaintiff was intoxicated and Plaintiff's friend agreed to get Plaintiff off the street and take care of him so Officer Thomas then left the scene.

### III.  LEGAL ISSUES

This case will likely be centered around factual issues. However, some legal issues will be: (1) whether or not the force used by Officer Thomas on Plaintiff Castillo was objectively reasonable under the circumstances per the 4th Amendment; (2) whether Officer Thomas had a duty to provide medical care and/or assistance to Plaintiff; (3) whether Plaintiff Castillo can set forth any evidence of a *Monell* claim, a claim under the 5th, 8th, or 14th Amendments; and (4) whether Plaintiff suffered any compensable damages.

### IV.  MOTIONS

There are no pending motions. Plaintiff does not anticipate any motions at this time. Defendants anticipate that they will file a dispositive motion in this matter.

### V.  AMENDMENT OF PLEADINGS

Plaintiff has filed a First Amended Complaint, and Defendants have answered. No further amendments to the pleadings are expected.

### VI.  EVIDENCE PRESERVATION

No steps have been taken by Plaintiff to preserve evidence in this case as Plaintiff has no evidence directly in his control. Defendants have taken all steps to preserve evidence surrounding this alleged encounter.

### VII.  DISCLOSURES

Initial disclosures will be exchanged on or before February 22, 2008.

### VIII.  DISCOVERY

There has been no discovery to date. Plaintiff will take the deposition of Defendants, and serve written discovery. Defendants will serve written discovery on Plaintiff, as well as take Plaintiff's deposition and any relevant witnesses identified by

3

1  Plaintiff.

2  **IX.   CLASS ACTION**

3  This case is not a class action.

4  **X.   RELATED CASES**

5  There are no related cases.

6  **XI.   RELIEF**

7  Plaintiff seeks compensation for his medical expenses, lost wages and income,
8  his out of pocket expenses, and for general damages. In addition, Plaintiff seeks
9  punitive damages, attorneys fees, and costs of suit. This figure has not yet been
10 calculated. Plaintiff s damages will be based upon the physical injuries and abuse
11 sustained in the incident.

12 **XII.   SETTLEMENT AND ADR**

13 The parties have agreed to participated in a Court-sponsored mediation. The
14 prospects for settlement are unknown at this time.

15 **XIII.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

16 Plaintiff has filed a Consent Proceed Before A United States Magistrate Judge.
17 Defendants have declined to the assignment of this matter to a Magistrate Judge and
18 this matter was recently transferred from Judge Laporte to Your Honor.

19 **XIV.   OTHER REFERENCES**

20 No other references are suitable.

21 **XV.   NARROWING OF ISSUES**

22 The parties are not aware of any issue in this matter that can be narrowed by
23 agreement or motion at this time. Defendants anticipate that discovery will narrow the
24 issues and it is too early in this matter to be able to determine how any issues can be
25 narrowed for the presentation of evidence at trial. Defendants will likely seek
26 bifurcation of the liability and damages portions of the trial in the interests of judicial
27 economy.
28 ///

**XVI.   EXPEDITED SCHEDULE**

The parties do not presently believe that this case can be handled on an expedited basis.

**XVII.  SCHEDULING**

**Proposed Schedule**

| Event | Proposed Deadline |
|---|---|
| Deadline to add additional parties/claims without leave | March 7, 2008 |
| Deadline to Complete ADR | May 30, 2008 |
| Date of Next Case Management Conference | June 9, 2008 |
| Completion of Non-Expert Discovery | August 22, 2008 |
| Expert Disclosure Deadline | September 30, 2008 |
| Rebuttal Expert Disclosure Deadline | October 14, 2008 |
| Completion of Expert Discovery | October 31, 2008 |
| Last Day to Hear Dispositive Motions | November 17, 2008 |
| Deadline to File Pre-Trial Conference Statements | June 9, 2008 |
| Pre-Trial Conference (subject to Court's availability) | January 12, 2009 |
| Trial Date (subject to Court's availability) | January 26, 2009 |

**XVIII.  TRIAL**

Plaintiff has requested a jury trial. Defendants also request a jury trial. The parties estimate the length of trial to be between five and seven days.

**XIX.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

The parties are unaware of any non-party interested entities or persons.

///

///

///

5

1  ///

///

**XX.     OTHER MATTERS**

The parties are not aware of any other matters that may facilitate the just, speed, and inexpensive disposition of this matter.

Dated: February 14, 2008                                           **H. F. LAYTON LAW OFFICE**


                                                                                   /s/
                                                                   ──────────────────────────
                                                                   JAMES MARTINEZ
                                                                   Attorneys for Plaintiff
                                                                   RAMON CASTILLO


                                                                   **McNamara, Dodge, Ney, Beatty, Slattery, Pfalzer, Borges & Brothers, LLP**


                                                                                   /s/
                                                                   ──────────────────────────
                                                                   NOAH BLECHMAN
                                                                   Attorneys for Defendants